1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GINA HERNDON,

Plaintiff,

v.

SALVATION ARMY,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil No. 10cv1399 JAH(CAB)

**ORDER *SUA SPONTE* DISMISSING COMPLAINT WITHOUT PREJUDICE; AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [DOC. # 2] AND MOTION TO PROCEED *IN FORMA PAUPERIS* [DOC. # 3] AS MOOT**

Plaintiff, a non-prisoner appearing *pro se*, filed the instant complaint on July 2, 2010, along with a motion to proceed *in forma pauperis* and a motion for appointment of counsel. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See* <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1177 (9th Cir. 1999).

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

1   Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.

2   § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27

3   (9th Cir. 2000) (en banc).  28 U.S.C. § 1915(e)(2) mandates that the Court reviewing a

4   complaint filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule

5   on its own motion to dismiss before directing that the complaint be served by the U.S.

6   Marshal pursuant to Fed. R. Civ. P. 4(c)(2).  Lopez, 203 F.3d at 1127.

7         As currently plead, it is clear that plaintiff's complaint fails to state a claim upon

8   which relief can be granted.[1]  The standard used to evaluate whether a complaint states

9   a claim is a liberal one particularly when the action has been filed *pro se*.  *See* Estelle v.

10   Gamble, 429 U.S. 97, 97 (1976).  However, even a "liberal interpretation ... may not

11   supply elements of the claim that were not initially pled."  Ivey v. Bd. of Regents of the

12   Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  "[P]ro se litigants are bound by the

13   rules of procedure."  Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).  Rule 8 of the

14   Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief

15   must contain ... a short and plain statement of the claim showing that the pleader is

16   entitled to relief ..." Fed.R.Civ. P. 8(a).  "[A] plaintiff's obligation to provide the grounds

17   of [her] entitlement to relief requires more than labels and conclusions, and a formulaic

18   recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v.

19   Twombly, 550 U.S. 544, 555 (2007)(quotation omitted).

20         Here, plaintiff's complaint consists of a single paragraph which states:

21        They disrespectfully denied me of the privelege (sic) & eligability (sic) to
           obtain financial support during appropriated (sic) time of need. Their
22        justification does not make sense.  This has caused major havoc and should
           never have been determined not qualifiable (sic).

23

24   Compl. at 1.

25

26       [1] This Court also finds the complaint fails to a basis for federal court subject matter jurisdiction,
    subjecting the complaint to *sua sponte* dismissal pursuant to Rule 12(h)(3) of the Federal Rules of Civil
27   Procedure.  *See* California Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974)(it is
    well settled that a court can dismiss a complaint *sua sponte* for lack of jurisdiction).  Although plaintiff
28   checked the "federal question" box on her civil cover sheet, to invoke federal question jurisdiction, the
    complaint must allege that the "action[] aris[es] under the Constitution, laws, or treaties of the United
    States."  28 U.S.C. § 1331.  Plaintiff's complaint does not so allege.

10cv1399

1    This Court finds these allegations are insufficient to put defendant on notice of the
2    claims against it, as required by Rule 8 of the Federal Rules of Civil Procedure. Therefore,
3    this Court finds the complaint fails to state a claim upon which relief may be granted.
4    Accordingly, the instant complaint must be *sua sponte* dismissed pursuant to Section
5    1915(e)(2)(B). Because the complaint must be dismissed, plaintiff's motion to proceed *in*
6    *forma pauperis* and request for appointment of counsel are moot.

7    Based on the foregoing, IT IS HEREBY ORDERED that:

8    1.    The instant complaint is *sua sponte* **DISMISSED** without prejudice for
9          failure to state a claim upon which relief may be granted;

10   2.    Plaintiff's motion to proceed *in forma pauperis* is **DENIED** as moot; and

11   3.    Plaintiff's request for appointment of counsel is **DENIED** as moot.

13   DATED:      July 26, 2010

JOHN A. HOUSTON
United States District Judge

10cv1399